UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNY KING,

    Petitioner,

v.                                         CAUSE NO. 3:19-CV-358 DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Danny King, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 18-9-149) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offense 102. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Mr. King argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to support a finding of guilt. He maintains that the video recording summary refers to an unidentified inmate who was the true culprit and that this summary exonerates him.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer said that Mr. King assaulted an offender in his cell and again, three minutes later, on the range. ECF 8-1. It includes a confidential investigative file, which includes medical documentation of Mr. Seacrist's injuries in addition to other evidence indicating that Mr. King assaulted Mr. Seacrist. ECF 10. It also includes a video recording summary, which reads:

> 6:47AM Offender King #211885 and Offender Seacrist are let out of their cells. Once they are let out Offender King goes to Offender Seacrist's cell, then goes back to his cell. As he heads back to his cell, Offender Seacrist opens his cell, goes onto the range and has words with Offender King. Offender Seacrist walks to Offender King's cell followed by another offender. The unidentified offender pushes Offender Seacrist into Offender King's cell. Offender Seacrist is on the ground trying to exit the cell. Offender Seacrist leaves the cell and goes to the 500 West side range. Offender King goes up to the 500 West also. You see an altercation start, but [it] quickly moves out of the camera's view.

ECF 8-4. The video recording summary does not exonerate Mr. King but instead suggests that an inmate assisted Mr. King with assaulting Mr. Seacrist in the cell. The conduct report, the investigative report, and the video recording summary constitute some evidence that Mr. King committed assault. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Mr. King argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by finding him guilty and by personally reviewing the video surveillance recording. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty

and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* Rendering a decision on a charge after reviewing evidence related to that charge, such as a video surveillance recording, cannot be fairly characterized as bias. Further, though the hearing officer found Mr. King guilty, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Finally, Mr. King argues that correctional staff did not follow departmental policies and procedures for disciplinary offenses. He refers to procedural errors and inconsistencies without further elaboration, but this claim is too vague to warrant habeas relief. Further, the failure to follow internal policies does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). As a result, this argument is not a basis for habeas relief.

Because Mr. King has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. King wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma*

*pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Danny King leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

March 10, 2021                              *s/ Damon R. Leichty*
                                            Judge, United States District Court